UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

DESMOBILE MUSIC CO. et al.,

      Plaintiffs,                                    Case No. 06-10848

v.                                                Hon. Victoria A. Roberts

CDDM CORPORATION and DEREK
WROBLEWSKI,

      Defendants.
_____/

| HONIGMAN MILLER SCHWARTZ AND COHN LLP<br>Attorneys for Plaintiffs<br>By:  Herschel P. Fink (P13427)<br>      Brian D. Wassom (P60381)<br>2290 First National Building<br>Detroit, MI  48226<br>(313) 465-7400<br>hpf@honigman.com<br>bdw@honigman.com | |
|---|---|

_____/

**CONSENT JUDGMENT**

       The Complaint in this action was filed on February 27, 2006, against Defendants CDDM Corporation and Derek Wroblewski for copyright infringement based on the unauthorized public performances of the Plaintiffs' copyrighted musical compositions.  The parties having agreed to resolve all claims between them by means of the following consent judgment,

       It is ORDERED, ADJUDGED AND DECREED:

       1.     Defendants are enjoined and restrained permanently from publicly performing any or all of the copyrighted musical compositions in the repertory of the American Society of Composers, Authors, and Publishers ("ASCAP"), including those copyrighted musical

compositions owned by Plaintiffs, and from causing or permitting such copyrighted musical compositions to be publicly performed, and from aiding and abetting public performances of such compositions, unless Defendants shall have previously obtained permission to give such performances, either directly from the owners of the compositions, or by license from ASCAP.

2. Judgment is hereby entered against Defendants in the sum of Twenty Thousand and no/100 dollars ($20,000.00) (the "Judgment Amount"), to be satisfied by payment of Fifteen Thousand Dollars ($15,000) ("the Settlement Amount"). Defendants shall pay the Settlement Amount to ASCAP, on behalf of the Plaintiffs, in the following manner: an initial payment of $5,729 which Defendants have already delivered, a payment of $1,271 by June 1, 2006, and eight payments of $1,000 each payable on the first day of each calendar month, beginning on July 1, 2006.

3. The aforementioned payments shall be made by certified, cashier's or bank check payable to the "American Society of Composers, Authors and Publishers" and delivered to ASCAP's attorneys, Honigman Miller Schwartz and Cohn LLP, c/o Brian D. Wassom, Esq., 2290 First National Building, Detroit, MI 48226; or such other recipient as ASCAP or its attorneys may designate.

4. In the event that Defendants shall fail to make the payment in accordance with the provisions of paragraphs 2 and 3 above, Plaintiffs' counsel shall provide written notice of such default in payment to Defendants via certified mail, overnight courier, facsimile, or hand delivery to Derek Wroblewski, 34317 Jefferson Avenue, Harrison Township, Michigan 48045, and Defendants shall have the opportunity to cure the default by paying the past due amount within ten (10) days of delivery of notice. If Defendants fail to cure the default within ten (10) days of receipt of such notice, Plaintiffs shall be entitled to receive the entire Judgment Amount plus its

reasonable attorneys' fees incurred in connection with its efforts to collect on this Consent Judgment, less any payment made by Defendants as provided in Paragraph 2 above.

5. As a portion of the agreement reflected by this Consent Judgment, ASCAP and Defendants have executed ASCAP General License Agreements for the establishments known as "Cheeta's of Lansing," located at 5910 S. Pennsylvania Ave., Lansing, Michigan, and "T.N.T. Harper House Bar & Grille," located at 35101 Harper, Clinton Township, Michigan for the term beginning January 1, 2006, license fees pursuant to such license agreements for all periods through December 31, 2006 being included in the Settlement Amount. With respect to license fees due for all periods thereafter, Defendants shall timely submit payment of such fees to ASCAP.

6. Upon ASCAP's receipt of the full Settlement Amount (or full payment of the Judgment Amount in the event of default), Plaintiffs shall file a satisfaction of this Consent Judgment with the Court.

7. Defendants shall not willfully dissipate or encumber their assets in order to impair ASCAP's ability to collect the amounts due under this Consent Judgment. In the event that Defendants file a petition in bankruptcy, any sum then due pursuant to this Consent Judgment shall constitute a non-dischargeable debt pursuant to 11 U.S.C. § 523(a)(6).

8. This Consent Judgment shall bind and benefit the heirs, executors, administrators, successors, assigns, parents, affiliates, members and subsidiaries of ASCAP and Defendants.

9. This Consent Judgment constitutes the entire agreement between ASCAP, on behalf of the Plaintiffs, and Defendants, and supersedes any prior agreements or understandings between ASCAP and Defendants, whether written or verbal, and may not be modified in any manner, except by a writing signed by ASCAP and Defendants.

Dated:  May 24, 2006                 S/Victoria A. Roberts
                                                         HON. VICTORIA A. ROBERTS
                                                         United States District Court Judge